SILVERMAN, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that we lack jurisdiction over Petitioner’s due process claim and that we must dismiss that aspect of the petition for review. However, I respectfully disagree with the majority’s conclusion that the BIA, as a matter of law, erred in finding Petitioner had an alternative means to adjust her status, one of many factors relevant to the “exceptional and extremely unusual hardship” requirement for cancellation of removal. I would dismiss the petition for review in its entirety.
The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 stripped this court of its jurisdiction to review these discretionary hardship determinations. In Romero-Torres v. Ashcroft, 327 F.3d 887 (9th Cir.2003), we held that the hardship requirement posed a “subjective question” and that “[bjecause the BIA ... is vested with the discretion to determine whether an alien has demonstrated the requisite hardship, we are without jurisdiction to review the BIA’s hardship determinations under IIRIRA.” Id. at 890-91. We reaffirmed this holding after the REAL ID Act of 2005 was passed. Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir.2005). The majority relies on Gutierrez-Centeno v. I.N.S., 99 F.3d 1529, 1532 & n. 6 (9th Cir.1996), to argue that the BIA did not adequately assess the individual facts of this case in concluding an alternative means to adjust Petitioner’s status was available. But that case was significantly undercut, if not abrogated, by IIRIRA, and we have previously recognized as much in Falcon Carriche v. Ashcroft, 350 F.3d 845, 854 n. 9 (9th Cir.2003) (“The [petitioners] rely upon cases suggesting that the BIA must explain how it balanced the particular facts of each case in reaching its hardship determination. But *743 these cases, which were decided before IIRIRA removed our jurisdiction to review discretionary determinations of the BIA, are not persuasive here.” (citations omitted)).
The majority takes issue with the IJ and BIA’s application of one of a host of factors that may be considered for cancellation of removal hardship findings: “the possibility of other means of adjusting status in the United States.” Matter of Monreal-Aguinaga, 23 I. & N. Dec. 56, 63 (BIA 2001) (emphasis added). The IJ noted that Petitioner’s husband had “filed a petition to immigrate her” and that it would be “some period of time before a visa [became] available.” And though the IJ acknowledged that removing Petitioner would impose a hardship on her and her family, he nevertheless concluded that the evidence simply did not rise to the level of an “exceptional and extremely unusual hardship.” The BIA expressly adopted this finding and the reasoning supporting it. In closing, the BIA merely reiterated what the IJ had noted — that her husband had filed a visa petition and that “the availability of an alternative means of lawfully immigrating to the United States undercuts a claim of exceptional and extremely unusual hardship stemming from an alien’s removal.” (Emphasis added).
The majority characterizes the BIA’s statement as a “categorical rule” that alternative means to immigrate “necessarily” preclude a finding of exceptional and extremely unusual hardship. Aside from the fact that the BIA did not rely solely on the alternative means factor, the BIA adopted the IJ’s reasoned finding that immigrating by other means was “available” in this case. By contrast, in Gutierrez-Centeno, the BIA relied on petitioner’s representation that “she has a brother who is a lawful permanent resident, indicating the potential, at least, for eventually other means of adjusting her status.” 99 F.3d at 1532 (quotation marks omitted). Here, both the IJ and the BIA concluded that Petitioner had more than a merely theoretical possibility of adjusting her status, and we may not revisit that finding. Had Petitioner demonstrated that alternative relief was legally unavailable or effectively unavailable due to a backlog of applications or other severe delay, see Matter of Recinas, 23 I. & N. Dec. 467, 472 (BIA 2002), her claim might have prevailed before the IJ. The IJ clearly acknowledged that a visa would not issue instantaneously and that this would be a hardship for her children, but he ultimately found those facts did not meet the high statutory threshold. We may not mandate the consideration of certain facts or factors as part of this discretionary determination. See Mendez-Castro v. Mukasey, 552 F.3d 975, 980 (9th Cir.2009) (“[T]he IJ expressly cited and applied Monrealr-Aguinaga in rendering its decision, which is all our review requires.”).
Since we lack jurisdiction to second-guess the IJ and BIA’s determination that Petitioner has an alternative means to adjust her status, I would dismiss the petition for review in full for lack of jurisdiction.